Belknap Hardware & Manufacturing Company v. Adams Express Company, et al.

(Decided April 29, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

Carriers—Two-Year Limitation of Action Held Good Defense by Express Company's Successor.—Where express receipt provided that suit for loss must be brought within two years as permitted by the Cummins Amendment (U. S. Comp. Stats., section 8604a) such two-year limitation could be set up by express company taking over the business of the company issuing the receipt, though the latter company immediately removed from the state with its agents.

JOHN G. HEYBURN for appellant.

TRABUE, DOOLAN, HELM & HELM and HARRIS W. COLEMAN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Between November 23, 1917, and December 24, 1918, the Belknap Hardware & Manufacturing Company delivered to the Adams Express Company for transportation in interstate commerce fourteen separate shipments of merchandise which were never delivered at their destination. Each of the express receipts contained the following provision:

"7. Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed; and suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

This suit was brought by the shipper against the Adams Express Company and the American Railway Express Company to recover the value of each shipment, the total aggregating $510.14. It was sought to hold the American Railway Express Company liable on the ground that it had purchased all the property and assets of the Adams Express Company in this state, and that the only consideration therefor was the transfer of its own capital stock. It was alleged in the petition that by the carelessness and negligence of the Adams Express Company none of the shipments had been delivered to the consignee, and that upon discovering the failure to make delivery a claim in each case was filed with the Adams Express Company. Not only did the petition fail to allege that notice of loss was given, or that claim of loss was filed, or that suit was brought within the time fixed by the contract of shipment, but noncompliance with the contract in these respects was pleaded in the second and third paragraphs of the answer. The demurrer to these paragraphs was carried back to the petition and sustained. Having declined to plead further, the petition was dismissed and plaintiff has appealed.

The Cummins amendment, act of March 4, 1915, c. 176, 38 Stat. at L. 1196, Comp. Stat. sec 864a, 4 Fed. Stat. Anno, 2d ed. p. 506, after providing for the issuing of a receipt or bill of lading for property received by a carrier for interstate transportation, adds the following proviso:

"Provided further, That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise, a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years; provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

The briefs contain a very able and elaborate discussion of the question whether any notice or filing of

claim is necessary where the shipments were never delivered because of the negligence and carelessness of the carrier, but it will not be necessary to decide this question. The federal statute authorizes a carrier to fix the time for bringing suits for loss or damage to interstate shipments at not less than two years, and each of the contracts here involved provides that suit shall be brought within two years and one day after delivery, or, in case of failure to deliver, within two years and one day after reasonable time for delivery has elapsed. It is conceded that this suit was not filed within the required time, but argued that the defense of limitation is not.available because even before the two years period for filing suit on the oldest claim had elapsed, the Adams Express Company sold all of its property in Kentucky and withdrew all of its agents from the state, thereby rendering it impossible for Kentucky creditors, such as appellant, to bring suit within the required time without pursuing the Adams Express Company to a foreign jurisdiction, a course not contemplated by either party to the original contract. Whether such removal would have the effect claimed if the suit were between appellant and the Adams Express Company, it is unnecessary to consider. As a matter of fact, the very day that the Adams Express Company disposed of its assets and withdrew from the state, the purchaser, the American Railway Express Company, took charge and has since conducted the business through its own agents. If, as claimed, it stepped into the shoes of the Adams Express Company and became liable as its successor, we perceive no reason why it may not rely upon the same defenses, and as appellant could have sued the Adams Express Company before the sale, and the American Railway Express Company after the sale, it is apparent that there was always someone in the state subject to suit, and it was never necessary for appellant to go to a foreign jurisdiction to enforce its claims. It follows that the several causes of action were barred by limitation, and that the court did not err in dismissing the petition.

Judgment affirmed.